```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
IRENE E. TYS,

                        Plaintiff,              06-CV-6646T

            v.                                  DECISION
                                                and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Irene E. Tys ("Tys") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability benefits.[1] Specifically, Tys alleges that the decision of an Administrative Law Judge ("ALJ") denying her application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Tys opposes the defendant's motion, and cross-moves for judgment on the pleadings. Because the Court determines that the findings of the Commissioner are supported by substantial evidence,

---

[1] This case (formerly civil case 03-CV-0480(E)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On July 14, 2000, plaintiff Irene Tys, at the time a 51 year old former demonstration cook, applied for Social Security disability benefits, claiming that she had become unable to work as of October 1, 1997 because of depression and anxiety. Tys's application was initially denied on October 18, 2000, and again on reconsideration on January 4, 2001. Thereafter, Tys requested an administrative hearing before an Administrative Law Judge which took place on May 16, 2002. Plaintiff was represented by counsel at the hearing.

In a decision dated August 7, 2002, the ALJ found that although Tys's depression and anxiety were severe, she was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Tys's appeal of the ALJ's decision to the Social Security Appeals Board was denied on April 21, 2003, and on June 23, 2003 plaintiff filed this action.

## DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined

as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Court determined that the findings of the Commissioner are supported by substantial

evidence, judgment on the pleadings is hereby granted for the defendant.

II. <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.</u>

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from severe depression and anxiety, this condition did not constitute an impairment under 20 C.F.R. 404.1501 et. seq. (Transcript of Administrative Proceedings at page 20) (hereinafter "T.").

The plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of Tys's treating psychiatrist Dr. Daniel Willis, who supports Tys's application for social security disability benefits. In a letter to Tys's primary care physician Dr. Deidre Bastible, dated March 15, 2001 Dr. Willis wrote "[Tys] is applying for social security disability and I believe I can support that application." (T. 206). In the same letter, however, Dr. Willis also wrote "She does have some mild chronic depression but she does not feel overwhelmed by them [sic] and is able to do her activities of daily living and household

chores." (T. 206). At that time her Global Assessment of Functioning ("GAF") score was 58, signaling moderate symptoms. Except on one occasion, Tys's GAF score was always in the mild to moderate symptoms range. At no point in time did Dr. Willis report that Tys was totally disabled. In rejecting Tys's claim for disability benefits, the ALJ properly evaluated the conflicting statement of Dr. Willis supporting Tys's disability claim with his other testimony showing no disability and gave his evidence the appropriate weight.

The plaintiff also contends that the ALJ erred by not considering significant findings made by the State agency psychologist Dr. Michael Moses. Dr. Moses's findings, however, support the conclusion that Tys is not disabled. Dr. Moses concluded that Tys was either not significantly limited or only moderately limited in all categories of understanding and memory, sustained concentration and persistence, social interaction, and adaption (T. 174-75). He found that she was mildly limited in her activities of daily living and social functioning and moderately limited in maintaining concentration, persistence, or pace (T. 188). He concluded "On current MSE, speech normal/coherent, intact thought processes, essentially intact orientation and memory, fair fund of information; essentially intact ADL's [sic] with some family assistance provided with household chores. Does not meet/equal." (T. 190). The ALJ properly concluded that Dr. Moses's testimony supported the finding of not disabled.

The plaintiff further contends that the ALJ erred by failing to consider the impact that Tys's alleged symptoms including becoming easily fatigued would have on her ability to perform substantial work activity. The ALJ does note Tys's subjective complaint of fatigue (T. 18). Her fatigue is also documented by Dr. Willis in the same letter in which he states that she was "doing well," had "her depression and anxiety...under good control," "her energy level...at a normal baseline," and "is able to do her activities of daily living and household chores." (T. 206). The ALJ took Tys's subjective complaints of fatigue and Dr. Willis's recommendation that she be limited in her interaction with the public and that she has difficulty maintaining task oriented activities (T. 206) when he concluded that she is capable of performing medium work with some limitations.

Lastly, the plaintiff contends that the Commissioner's reliance on the medical-vocational guidelines was erroneous because it was not supported by substantial evidence. Specifically, plaintiff contends that even unskilled work includes the ability to understand, carry out, and remember simple instructions and respond appropriately to supervisors and co-workers, and that plaintiff is not capable of performing those tasks. Dr. Moses, however, found that Tys is not significantly limited in her ability to understand and remember very short and simple instructions (T. 174) and is only moderately limited in her ability to get along with supervisors and co-workers (T. 175). Dr. Willis also found that Tys only has "some" difficulty maintaining task oriented activities

(T. 206). Accordingly, the ALJ was correct in concluding that Tys is capable of performing unskilled work.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                      S/Michael A. Telesca
                              _____
                                 MICHAEL A. TELESCA
                             United States District Judge

Dated:    Rochester, New York
            January 10, 2007